STATE OF NEW JERSEY IN INTEREST OF J. A. B.,
JUVENILE–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 29, 1980—Decided October 23, 1980.

Before Judges KING, FRANCIS and GREENBERG.

*Ralph E. Faasse*, argued the cause for appellant (*Hengeveld & Hanse*, attorneys).

*Fred L. Schwanwede*, Assistant Prosecutor, Bergen County, argued the cause for respondent (*Roger W. Breslin, Jr.*, Prosecutor, Bergen County; *Christine Falco Kirkpatrick*, Assistant Prosecutor, on the brief).

PER CURIAM.

After the opinion in this matter was issued, following oral argument, the court's attention was called to an error in that opinion as to the juvenile's age at the time of the disposition in the trial court. The opinion stated the juvenile's age as 17 years when in fact he was 18 years old. That opinion has been corrected to recite the correct age.

Counsel for the juvenile now contends that because the juvenile was 18 years old at the time of disposition and because the disposition was stayed pending appeal, the provision of *N.J.S.A.* 2A:4–63 would apply, and the order of the Juvenile and Domestic Relations Court would, in effect, be terminated. The issue was not briefed but it was alluded to by one of the members of the court at oral argument.

We hold that the stay granted by the trial court pending appeal had the effect of tolling the provision of the cited statute. The intent of the termination provision of that statute is to limit the rehabilitation, inherent in a juvenile court disposition, to a maximum of one year, once the juvenile has attained the age of 18 years. Under such a construction the disposition order must be understood to commence upon the termination of the stay. An opposite result would not only restrict the salutary purposes of juvenile rehabilitation; it would also inhibit the granting of stays under circumstances such as are present here, so as to effectively deny the juvenile a right of appeal.

Order accordingly. We do not retain jurisdiction.